UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT BORKOWSKI,

        Petitioner,

                                     Case No. 15-cv-10150

v.

                                     HON. MARK A. GOLDSMITH

JEFFREY WOODS,

        Respondent.
_____/

**OPINION AND ORDER
(1) GRANTING IN PART RESPONDENT'S MOTION TO DISMISS (Dkt. 15); (2)
STAYING PROCEEDINGS; AND (3) ADMINISTRATIVELY CLOSING CASE**

### I.  INTRODUCTION

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Petitioner Scott Borkowski was convicted of operating a motor vehicle under the influence causing death, Mich. Comp. Laws § 257.625(4), operating while license suspended causing death, Mich. Comp. Laws § 257.904(4), and homicide-manslaughter with a motor vehicle, Mich. Comp. Laws § 750.321, pursuant to a plea in the Monroe County Circuit Court.  Petitioner was sentenced to concurrent terms of 10-to-15 years' imprisonment on those convictions in 2011.  In the petition, he raises claims of illusory plea, inadequate notice of the charges, improper upward sentencing departure, double jeopardy, invalid jurisdiction/warrant, lack of arraignment, violation of state court rules, denial of discovery, and ineffective assistance of appellate counsel.

This matter is before the Court on Respondent's motion to dismiss the petition on exhaustion grounds (Dkt. 15).

### II.  ANALYSIS

In the motion to dismiss, Respondent asserts that all Petitioner's claims, other than his illusory plea claim, have not been presented to the state courts. The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. §§ 2254(b)(1)(A), (C); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state-court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must be given an opportunity to rule upon all of Petitioner's claims before he can present those claims on habeas review. Otherwise, this Court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. O'Sullivan, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. McMeans, 228 F.3d at 681; see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006). The claims must also be presented to the state courts as federal constitutional issues. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990); Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. Rust, 17 F.3d at 160.

The Michigan Rules of Court provide a process through which Petitioner may raise his unexhausted claims. Petitioner may file a motion for relief from judgment in the state trial court, pursuant to Michigan Court Rule 6.500 et seq., and then appeal the trial court's decision to the state appellate courts, as necessary. Petitioner's unexhausted claims should first be addressed to, and considered by, the Michigan courts.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. Id. at 277.

In this case, Petitioner has established the need for a stay. He wishes to pursue several claims which have not been presented to the state courts. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), may pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies, as Petitioner appears to have filed his initial pleadings in federal court with only days remaining before the expiration of the one-year period, and submitted his actual habeas petition three months later in response to the Court's deficiency order. Additionally, Petitioner alleges that appellate counsel was ineffective for failing to previously present his unexhausted issues to the state courts, which may provide good cause for his failure to raise the claims on direct appeal. Lastly, the Court finds that at least some of the unexhausted claims do not appear to be plainly meritless and there is no evidence of

intentional delay. Therefore, the Court shall hold the petition in abeyance and stay the proceedings pending Petitioner's exhaustion of state court remedies as to the additional, unexhausted claims.

### III. CONCLUSION

For the reasons stated above, the Court grants Respondent's motion to dismiss on exhaustion grounds (Dkt. 15) in part, and holds the habeas petition in abeyance; these proceedings are stayed. The stay is conditioned on Petitioner presenting the unexhausted claims to the state courts within 30 days of the filing date of this order by filing a motion for relief from judgment with the trial court. See Hill v. Anderson, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend the petition, using the same caption and case number, within 30 days of fully exhausting state remedies. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, the case may be dismissed. Lastly, this case is closed for administrative purposes pending compliance with these conditions.

SO ORDERED.

Dated: December 17, 2015  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 17, 2015.

s/Karri Sandusky
Case Manager